■ In the Matter of the Arbitration between J. BERLAGE Co., INC., Respondent, and LITTLEJOHN & Co., INC., Appellant.— Order, entered on October 15, 1963, unanimously reversed on the law, without costs, and the motion denied. There was no contract between J. Berlage Co., Inc., and Littlejohn & Co., Inc., to arbitrate their differences. Absent such an agreement the court may not direct arbitration. (See decision in companion appeal [No. 2, p. 697] and the reasons there stated.) *Muller* v. *Pondir* (55 N. Y. 325) cited by Special Term, may be distinguished. The decision of the court must be viewed against the factual background there existing. In that case the bills in question were bought "with the avails of the credit of the plaintiff, and his credit only" (pp. 339–340), at the request of a principal who became bankrupt before delivery of the bills. Upon nonacceptance by the London bankers of the bills used to purchase the ones in suit, plaintiff provided the necessary funds. The issue was whether plaintiff was entitled to the bills as against defendant who loaned money to the principal against a telegram sent to Schepeler & Co. (the principal) by plaintiff, and Schepeler's promise to surrender the bills, upon arrival, as security. The court concluded defendant never became the holder of the bills or had control of them, and rendered judgment for plaintiff. Defendant only had such rights or equities as existed in Schepeler, subject to all equities against them. The court pointed out the bills in question were at all times, until the commencement of suit, in the actual or constructive possession of plaintiff who had acted as agent for the bankrupt principal. In a real sense the bills had been purchased by Muller on his credit, loaned to or in behalf of the principal, and Muller initially had actual physical possession of such bills. In the *Muller* case the principal never had possession and the transfer was not complete until delivery. If one sought to apply some of the reasoning there expressed, a question might arise if J. Berlage Co., Inc.'s lien or equitable title in the goods, as security, did not in fact ripen into legal title upon default in payment. That would be by operation of law, but the law will not imply an agreement to arbitrate without some memorandum or acquiescence by the parties. However, we need not reach that question. (See, also, Personal Property Law, § 133 *et seq.*) If there was a breach of the agreement to repay the loan, Berlage is not without a remedy. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.